## KEITH v. CRUMP.

[No. 2,794.    Filed May 16, 1899.]

CONTRACTS.—*Breach.*—*Damages.*—Plaintiff and defendant entered into a written contract by the terms of which it was agreed that plaintiff should convey to defendant, in trust, certain described real estate to secure a loan, upon the payment of which the property was to be reconveyed.    The contract contained a stipulation that the grantee should keep the property insured in such amounts as he might deem proper.    After the conveyance, one of the buildings, on which there was no insurance, was destroyed by fire, and plaintiff brought suit on the contract for damages sustained thereby.

*Held,* that by the terms of the contract it was wholly discretionary with the defendant as to the amount of insurance he should place upon the property, and that there was no basis upon which damages could be assessed.

From the Bartholomew Circuit Court.   *Affirmed.*

*G. W. Cooper* and *C. B. Cooper,* for appellant.

*John W. Morgan,* for appellee.

HENLEY, J.—Appellant was plaintiff in the lower court, and commenced the action by complaint in one paragraph, alleging the breach of a written contract.   Appellee's demurrer to the complaint was sustained.   Appellant refusing to plead further, judgment was rendered against him.   The action of the lower court in sustaining the demurrer to the complaint is the only error assigned.   The facts alleged in the complaint are in substance as follows:   On the 11th day of February, 1887, the appellant and appellee entered into a written contract by the terms of which it was agreed that the appellant should convey, and he did convey, to appellee certain real estate therein described, which included a number of tenement houses and business rooms, in consideration for which the appellee agreed to, and did, advance to and loan appellant a large sum of money, upon the payment of which by appellant to appellee said property was to be reconveyed by appellee to appellant.   That one of the stipulations of said written contract was the following:   "That said Crump shall keep the insurable part of said real estate and parts thereof insured in some fire insurance company or companies, in such sums or amount and manner as the said Crump may deem proper, which insurance in all cases shall be payable to said Crump in case of all losses; that said Crump shall pay all taxes on and legal assessments on and against said property, and that any and all such repairs of, insurance on, taxes on, legal assessments on or against, with all other expenses of, in, and concerning the same and said real estate, or any part thereof, shall be paid by said

Crump out of said rents, profits, and proceeds of any sale or sales, or benefits of any insurance of said real estate or part thereof, when and in the manner decided upon by the said Crump." That at the time of the making of said contract and conveyance the appellant owned, and by said conveyance conveyed, to appellee a certain tract of land upon which was situated a frame dwelling house occupied by one T. G. Quick, as tenant; that by the terms of said agreement it was the duty of appellee to insure said property, but that appellee in violation of said agreement failed and refused to have the same insured, and afterwards said building, while so held by appellee under said contract, was destroyed by fire. That said property was of the value of $2,000, and was insurable for $1,500, for which judgment is demanded. The complaint also contains an allegation to the effect that appellant performed all the stipulations of the contract imposed upon him.

The sufficiency of the complaint depends upon the construction put upon the contract which is the foundation of the action. The management and control of the property conveyed is by the terms of the contract left entirely to the judgment and discretion of the appellee. When an act to be done is discretionary with one party to a contract, the other party to the contract can not complain that such discretionary act was not done, or if done that it was not done as in his judgment it should have been done.

The insurable interest of a mortgagor and a mortgagee are separate, but both may be insured at the same time. If appellee, under this clause of the contract, had insured his interest in all the property, he could not have insured it for more than the mortgage debt. Tiedeman on Real Prop., section 327; *Carpenter* v. *Providence, etc., Ins. Co.*, 16 Pet. 495. Under the contract the complete control, possession, and management of the property was in appellee's hands. In the exercise of the discretion given him he may have insured other and more valuable pieces of property for amounts

equaling his insurable interest, and this, under the contract, we think he had a perfect right to do. Policies of insurance are not in their nature incidents to the insured property, but they are special agreements with the insured party against such loss or damage as he may sustain; and not the loss or damage which any other party having an interest in the property insured may sustain by reason of the destruction of the property by fire. *Carpenter* v. *Providence, etc., Ins. Co.*, 16 Pet. 495.

The complaint at best only states facts sufficient to entitle appellant to nominal damages. If, under the contract, it was the duty of appellee to insure the destroyed property in some amount, it was wholly within his discretion as to what that amount should be. It was also discretionary with appellee as to how the insurance should be distributed. In the case at bar the contract is not aided by the allegations of the complaint. Taking the facts as stated, and giving to them their full legal effect, they present no basis upon which a court or jury could assess damages in any certain amount. While under the contract it may have been obligatory upon appellee to insure the particular property in question, it was discretionary with him as to the amount of such insurance. The contract names no certain amount of insurance which is to be placed upon the whole property, nor does it specify any certain amounts upon the separate pieces of property conveyed. All this, according to the language of the contract, is to be "in such sums or amounts and manner as the said Crump may deem proper." We find no reason to disturb the judgment of the lower court. Judgment affirmed.

Robinson, J., dissents.

Black, J., took no part in the decision of this cause.